IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICTOR ROBERT BROWN,

       Plaintiff,      OPINION AND ORDER

 v.

                         20-cv-180-wmc

DR. RIBAULDT, et al.,

       Defendants.

---

  Pending before the court is defendant's recently filed motion for summary judgment, asking the court to (1) deny any injunctive relief based on Brown's medical records and (2) dismiss this case for failure to exhaust administrative remedies. (Dkt. #22.)[1] Brown, meanwhile, has moved for an extension of his deadline to file a proposed amended complaint, and separately notified the court that he will also be renewing his motion for injunctive relief and contesting the state's exhaustion argument. (Dkt. ##29, 31.) For the reasons stated below, the court will allow Brown additional time to submit his filings before deciding how to best proceed.

BACKGROUND

  *Pro se* plaintiff Victor Robert Brown, an inmate at Columbia Correctional Institution ("CCI"), filed a civil action under 42 U.S.C. § 1983, against various CCI and Wisconsin Department of Corrections ("DOC") employees. On May 14, 2020, after an initial

---

[1] In its motion for summary judgment, the state also asserts that Brown has at least three strikes under the Prison Litigation Reform Act and, therefore, must pay the filling fee in full before proceeding. To be clear, Brown has paid the entire filing fee and is not proceeding *in forma pauperis*. (Dkt. #7.)

screening of Brown's complaint as required by 28 U.S.C. § 1915A, the court concluded that the complaint violated Federal Rule of Civil Procedure 20. As a result, the court gave Brown three weeks to indicate which of three possible lawsuit he would like to proceed on under this case number, as well as submit an amended complaint to clarify the relevant allegations. The court also denied without prejudice Brown's requests for various unrelated forms of injutive relief.

Upon receipt of the court's screening order, Brown petitioned the Court of Appeals for the Seventh Circuit for a writ of mandamus on May 19, 2020, asserting that CCI health care professionals recently responded with deliberate indifference to a festering wound on his arm that may cause him to lose the appendage, as well as his reports of ongoing, excruciating pain. That same day, this court, out of concern for Brown's safety, entered a text-only order directing the state to provide by May 26, 2020, Brown's recent arm treatment records, photographs of Brown's wound, and a declaration from one of Brown's health care providers indicating a prognosis and plan for wound care and pain management. (Dkt. #20.) Two days later, the Seventh Circuit denied Brown's petition "[i]n light of the district court's orders issued on May 14, 2020, and May 19, 2020." (Dkt. #21.)

Consistent with the court's May 19 text-only order, the Wisconsin Attorney General's Office ("the state") has since filed requested materials related to recent and planned medical treatment for a wound on Brown's arm. (Dkt. ##24, 25.) Apparently, anticipating that the court might be contemplating reconsidering the entry of preliminary injunctive relief, the state also filed a response to the court's May 19, 2020, order and a motion for summary judgment, arguing that any such relief would be inappropriate because Brown has yet to indicate the claims on which he wants to proceed in this lawsuit, has not

made the required showings for injunctive relief, and defendants have not had "notice and hearing."[2] (Dkt. #22.) The state further maintains that this case should be dismissed altogether because Brown failed to exhaust his administrative remedies with respect to a claim for failure to treat his arm wound.

On May 28, 2020, Brown next requested an extention of his deadline to July 1, 2020, to amend his complaint, alleging that he has been denied access to the law library and his medical records due to the Covid-19 virus. (Dkt. #29.) Brown also filed his seventh "imminent danger declaration" in this court, alleging that he continues to suffer chronic pain and requesting, among other relief, surgery to remove any objects imbedded in his arm. (Dkt. #30.) Then, on June 2, 2020, Brown notified the court that he accepts the denial of his initial motion for injunctive relief and the denial of his petition for a writ of mandamus. Instead, he would now like to file a renewed preliminary injunction motion, an amended complaint, and, in response to the state's motion, "will show how remedies were unavailable due to staff misconduct." (Dkt. #31.)

OPINION

Having review the materials submitted by the state related to the recent and planned treatment of plaintiff's arm, as well as color photographs of plaintiff's wound, and

---

[2] The court acknowledges the reasons for the state's procedural concerns regarding its May 19, 2020, order. (Dkt. #22 at 3-4.) However, the court did not intend to revisit its denial of relief under Federal Rule of Civil Procedure 65 without hearing further from the state. Rather, in light of the substance and urgency of Brown's petition, the court found it necessary to take reasonable measures to assure itself of Brown's immediate health and safety. Because § 1983 actions are often matters of last resort for prisoners, the court does and will continue to give appropriate consideration to credible allegations of imminent danger as they arise, while keeping in mind the state's right to be heard under Rule 65 before granting relief, at least as to any preliminary injunctive relief.

plaintiff's most recent "imminent danger declaration," plaintiff appears to refocus on pain management, perhaps in part because of apparent ongoing offsite treatment delays due to Covid-19.[3] Regardless, plaintiff now indicates that he has "accepted" the court's initial denial of injunctive relief as well as the denial of his mandamus petition and will be renewing his preliminary injunction motion. (Dkt. #31) 1.) Accordingly, the court will wait to review his amended complaint and that motion before further addressing the question of injunctive relief.

The court will also await plaintiff's substantive response to the threshold question of exhaustion raised by the state. The Prison Litigation Reform Act requires that plaintiff exhaust available administrative remedies *before* suing in federal court. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court *must* dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Still, plaintiff should be particularly thoughtful about what claim he wishes to pursue, keeping in mind a failure to have exhausted that claim will result in dismissal of the lawsuit altogether.

---

[3] Plaintiff suggests that the photographs may not be of his arm and contests his medical provider's assertion that plaintiff has been referred for a surgical removal assessment and physical therapy. (Dkt. #32.) To the extent plaintiff is implicitly claiming that the state submitted false information to the court, he should not pursue that avenue unless he is confident that he can prove such a serious allegation. In the meantime, the state's counsel should ensure that plaintiff is provided a copy of the photographs *in color*, as he maintains they were copied in black and white for him. Hopefully, this will confirm photographs of the arm. Otherwise, he may bring a formal motion for sanctions based on a fraud on the court.

In particular, anticipating that plaintiff will decide to proceed in this matter on a wound care claim, the state maintains that plaintiff cannot do so because he has not yet exhausted his administrative remedies on that claim. In support, the state has submitted plaintiff's inmate complaint history report (dkt. #27-1), as well as copies of the records related to the two inmate complaints the state alleges plaintiff has submitted regarding alleged failures to treat his arm -- one filed in 2018, while plaintiff was incarcerated in Green Bay, and, more relevant here, Complaint No. 2020-8597, received at CCI on May 14, 2020 (dkt. ##27-2, 27-3).[4]

From the inmate complaint records submitted by the state, plaintiff may well have sued first and sought exhaustion later. Plaintiff filed his complaint in this lawsuit on February 28, 2020. In a subsequently submitted CCI inmate complaint, plaintiff alleges that he spoke with a health services unit manager on March 26, 2020, regarding the removal of metal in plaintiff's arm, but no one would schedule him for a removal assessment, despite his experiencing pain and infection. (Dkt. #27-3 at 4-5.) Apparently, this inmate complaint is still being reviewed and has not yet been resolved. (Dkt. #27-3 at 1-3.) Importantly, "a suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies *before* judgment." *Perez*, 182 F.3d at 535 (emphasis added). However, since plaintiff has not yet chosen what claim(s)

---

[4] Plaintiff's wound care allegations in this lawsuit appear to be based solely on his treatment while at CCI. (*See* dkt. #1.) Moreover, the state maintains that to the extent plaintiff wishes to proceed on claims based on his 2018 inmate complaint, he has already released them after executing a release and settlement agreement with the state on July 29, 2019. (*See* dkt. #28-1.) Because plaintiff has yet to indicate which claim(s) he would like to pursue, the court must obviously wait to address that issue as well.

to pursue, and also asserts that he will show staff misconduct prevented him from pursuing certain administrative remedies (dkt. #31 at 1), any ruling on this issue would be premature.[5]

To allow plaintiff sufficient time to consider his options and prepare his filings, and in light of plaintiff's assertions in his extension motion, the court will revise the deadlines established in its May 14, 2020, order as set forth below.

## ORDER

IT IS ORDERED that:

1) Plaintiff Victor Robert Brown's motion for an extension of time to file a proposed amendment complaint (dkt. #29) is GRANTED.

2) Plaintiff Victor Robert Brown has until **July 1, 2020**, to respond to the state's motion for summary judgment (dkt. #22) *and* to submit a proposed amended complaint in accordance with the court's May 14, 2020, order (dkt. #18).

3) If plaintiff fails to respond either to the state's motion or to the May 14, 2020, order by **July 8, 2020,** the court will dismiss without prejudice the entire lawsuit based on plaintiff's failure to prosecute it.

Entered this 4th day of June, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

---

[5] For example, plaintiff may choose to pursue a lawsuit other than one alleging wound care claims, seeking to refile those claims in a new lawsuit once he has fully exhausted his administrative remedies if he did not do so before filing this lawsuit.